IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERE LEE BOHANNON,

    Plaintiff,                    No. 2:12-cv-1238 LKK CKD

    vs.

CAROLYN W. COLVIN,                    FINDINGS AND RECOMMENDATIONS
Acting Commissioner of Social Security,

    Defendant.
_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively.  For the reasons discussed below, the court will recommend plaintiff's motion for summary judgment be denied and that the Commissioner's cross-motion for summary judgment be granted.

BACKGROUND

        Plaintiff, born April 15, 1967, applied on March 17, 2009 for DIB and SSI, alleging disability beginning March 1, 2008.  Administrative Transcript ("AT") 125-133. Plaintiff alleged he was unable to work due to pain in the hands and feet.  AT 148.  In a decision

\\\\\

1

1  dated October 27, 2010, the ALJ determined that plaintiff was not disabled.[1]  AT 25.  The ALJ

2  made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2013.
>
> 2. The claimant has not engaged in substantial gainful activity since March 1, 2008, the alleged onset date.
>
> 3. The claimant has the following severe impairments: Dupuytrens contracture bilaterally and painful nodules on feet.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2

|   |     |                                                                                                                                                                              |
|---|-----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   |     | functional capacity to perform a range of light work as defined in [the regulations], limited only by no climbing of ladders, ropes or scaffolds.                            |
|   | 6.  | The claimant is unable to perform any past relevant work.                                                                                                                    |
|   | 7.  | The claimant was born on April 15, 1967 and was 40 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.                      |
|   | 8.  | The claimant has a limited education and is able to communicate in English.                                                                                                  |
|   | 9.  | Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled.                                                           |
|   | 10. | Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. |
|   | 11. | The claimant has not been under a disability, as defined in the Social Security Act, from March 1, 2008 through the date of this decision.                                    |

AT 19-24.

ISSUES PRESENTED

Plaintiff argues that the ALJ improperly rejected the opinion of an examining physician, improperly discredited plaintiff, improperly evaluated lay witness evidence, and improperly applied the Grids. Plaintiff further asserts that evidence submitted to the Appeals Council establishes disability.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d

3

625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

    A. Medical Opinions

        Plaintiff contends the ALJ improperly rejected the opinion of examining physician, Dr. Selcon. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

        To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81

F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  Id. at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional.  Lester, 81 F.3d at 831.

Dr. Selcon examined plaintiff on September 23, 2009 and assessed plaintiff with an unlimited ability to sit and standing/walking limited to 2 hours in a 8-hour work day.  AT 282-286.  If this opinion were credited, plaintiff would be limited to sedentary work.[2]  Plaintiff contends that the ALJ improperly rejected this opinion and instead assessed plaintiff with a residual functional capacity to perform light work.

The ALJ discussed Dr. Selcon's opinion and noted that it was generally consistent with the opinions of the non-examining state agency physicians.  AT 22-23, 290.  However, the

---

[2]  The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing--the primary difference between sedentary and most light jobs. A job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work; e.g., mattress sewing machine operator, motor-grader operator, and road-roller operator (skilled and semiskilled jobs in these particular instances). Relatively few unskilled light jobs are performed in a seated position.
"Frequent" means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.  SSR 83-10.

5

ALJ accorded greater weight to the opinion of Dr. Wang, a physical medicine and rehabilitation specialist, who examined plaintiff on August 4, 2010.  AT 21, 23, 307-314.  Dr. Wang opined that plaintiff could stand/walk six hours in a 8 hour day.  AT 312.  Although Dr. Wang assessed plaintiff with an ability to perform medium work, the ALJ gave plaintiff the benefit of the doubt and limited plaintiff to light work.  AT 23.  The ALJ accorded greater weight to the opinion of Dr. Wang because of the specialty practice of this physician, a consideration which was appropriate and within the province of the ALJ.  AT 23.  In evaluating the weight to be accorded to the various record medical opinions, the ALJ also considered treating physician Dr. Freeman's opinion that plaintiff was not disabled.  AT 23-24, 245.  The ALJ's reasons for according greater weight to the opinion of Dr. Wang are valid and supported by substantial evidence.  There was no error in the ALJ's analysis of the record medical opinions.

  B.  Credibility

    Plaintiff also contends that the ALJ did not set forth sufficient reasons for discrediting plaintiff.  The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons.  See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make an explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

    In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a

6

prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

In finding plaintiff not credible, the ALJ noted the inconsistencies between plaintiff's claims of disabling conditions in his hands and feet and the objective examination of Dr. Wang. AT 21, 309 (plaintiff could oppose tip of his thumbs to all other fingers, could write legibly, normal grip strength). The ALJ also considered the opinion of plaintiff's treating physicians that he was not disabled from working. AT 22, 245, 246. The ALJ also noted that plaintiff seldom sought medical care for an allegedly disabling condition even though plaintiff had access to medical care. AT 22. Also factored into the credibility analysis was plaintiff's failure to take any medications or recommended steroid injections for an allegedly disabling condition. AT 21, 24, 38. Plaintiff's activities of daily living were also appropriately considered by the ALJ. AT 21, 44, 47. The factors considered by the ALJ were all valid and supported by the record. The ALJ's credibility determination was based on permissible grounds and will not be disturbed.

C. Lay Witness Evidence

Plaintiff further contends the ALJ improperly ignored the lay witness evidence of plaintiff's mother. "[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence, and therefore cannot be disregarded without comment." Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993) (friends and family members in a position to observe a plaintiff's symptoms and daily activities are competent to testify to condition). "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness." Dodrill, 12 F.3d at 919; see also Stout v. Commissioner SSA, 454 F.3d 1050, 1056 ((9th Cir. 2006) (where ALJ fails to properly discuss competent lay testimony favorable to plaintiff, court cannot consider error to be harmless unless it can confidently conclude no reasonable ALJ, when fully crediting testimony, could have reached different disability determination).

Plaintiff's mother testified that plaintiff had "huge growths" on his feet and that sometimes plaintiff would just hobble to the bathroom and stay in bed. AT 47. She further testified that plaintiff does dishes, takes out the trash, and performed minor repairs around the house. AT 46. The ALJ specifically discussed this testimony and also noted a letter from plaintiff's mother indicating that plaintiff's treating physicians would not provide him with pain medication. AT 21, 182. It is apparent from the ALJ's decision that he considered the lay witness evidence of plaintiff's mother even though the ALJ did not specifically weigh the credibility of plaintiff's mother. The testimony was cumulative of that of plaintiff. Given the extensive discussion and reasons given for discrediting plaintiff's testimony, which was similar to the testimony of plaintiff's mother, the court finds the ALJ did not disregard without comment the laywitness testimony and the reasons provided are germane to this witness.

/////

/////

D.  Grids

Plaintiff also asserts error with respect to the ALJ's application of the grids in finding plaintiff is not disabled. The Medical-Vocational Guidelines ("the grids") are in table form. The tables present various combinations of factors the ALJ must consider in determining whether other work is available. See generally Desrosiers, 846 F.2d at 577-78 (Pregerson, J., concurring). The factors include residual functional capacity, age, education, and work experience. For each combination, the grids direct a finding of either "disabled" or "not disabled."

There are limits on using the grids, an administrative tool to resolve individual claims that fall into standardized patterns: "[T]he ALJ may apply [the grids] in lieu of taking the testimony of a vocational expert only when the grids accurately and completely describe the claimant's abilities and limitations." Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985); see also Heckler v. Campbell, 461 U.S. 458, 462 n.5, 103 S. Ct. 1952, 1955 n.5 (1983). The ALJ may rely on the grids, however, even when a claimant has combined exertional and nonexertional limitations, if nonexertional limitations are not so significant as to impact the claimant's exertional capabilities.[3] Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990), overruled on other grounds, Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (en banc); Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988); see also Odle v. Heckler, 707 F.2d 439 (9th Cir. 1983) (requiring significant limitation on exertional capabilities in order to depart from the grids).
/////

---

[3] Exertional capabilities are the "primary strength activities" of sitting, standing, walking, lifting, carrying, pushing, or pulling. 20 C.F.R. § 416.969a (b) (2003); SSR 83-10, Glossary; compare Cooper v. Sullivan, 880 F.2d 1152, 1155 n. 6 (9th Cir.1989).
Non-exertional activities include mental, sensory, postural, manipulative and environmental matters that do not directly affect the primary strength activities. 20 C.F.R. § 416.969a (c) (2003); SSR 83-10, Glossary; Cooper, 880 F.2d at 1155 & n. 7 (citing 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e)). "If a claimant has an impairment that limits his or her ability to work without directly affecting his or her strength, the claimant is said to have nonexertional (not strength-related) limitations that are not covered by the grids." Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993) (citing 20 C.F.R., pt. 404, subpt. P, app. 2 § 200.00(d), (e)).

In this case the ALJ applied grid rule 202.17.  This grid rule accurately describes plaintiff's age, education, work experience and residual functional capacity.  Even if, as plaintiff contends, he is limited to sedentary work, grid rule 201.24 (younger individual age 18-44, education limited or less--at least literate and able to communicate in English, unskilled or none, sedentary) would direct a finding of not disabled.  Plaintiff's arguments regarding nonexertional limitations with respect to use of his hands and feet are unavailing.  As discussed above, the ALJ properly rejected plaintiff's subjective complaints.  The examining physician Dr. Wang assessed plaintiff with the ability to frequently handle, finger, feel, and push/pull.  AT 313.  Examining physician Dr. Selcon assessed no manipulative limitations, as did the state agency physicians.  AT 286, 291.  With respect to plaintiff's feet, Dr. Selcon included no limitations attributable to the feet and Dr. Wang opined plaintiff could stand/walk six hours a day.  Substantial evidence thus supports the ALJ's conclusion that plaintiff does not have nonexertional limitations sufficient to require departure from the grids.

### E. Evidence Submitted to Appeals Council

One page of a medical record dated November 14, 2011 and plaintiff's statement, dated January 4, 2012, were submitted to the Appeals Council and made part of the administrative record.  AT 11, 201-203, 319.  The medical record is a letter from plaintiff's treating physician, Dr. Sultan, indicating that plaintiff is unable to work due to hypertrophic cardiomyopathy with obstruction and hypertension.  Plaintiff contends the additional evidence supports his claim of disability.

This court has reviewed the ALJ's decision under the substantial evidence standard with due consideration of these medical records.  See Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (where plaintiff submitted additional materials to the Appeals Council in requesting review of the ALJ's decision, court may properly consider the additional materials because the Appeals Council addressed them in the context of denying plaintiff's request for review); see also Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993) (noting that where the

Appeals Council declined to review the decision of the ALJ after examining the entire record, including new material, court considers both the ALJ's decision and the additional materials submitted to the Appeals Council); Brewes v. Commissioner of Social Sec. Admin, 682 F.3d 1157, 1163 (9th Cir. 2012) ("when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence").

The additional records do not support plaintiff's claim of disability. Plaintiff claimed disability based on problems with his feet and hands. The ALJ rendered a decision on October 27, 2010 based on plaintiff's claimed disabling conditions, which did not include any complaints related to the heart. Although the letter from Dr. Sultan does not indicate the date on which plaintiff was diagnosed with an allegedly disabling heart condition, the letter is dated more than a year after the date of the ALJ's decision. At best, the letter would be material to a new application for disability benefits. The evidence is not relevant to the claims raised in the disability application at issue here. The court concludes that even with consideration of the additional records, substantial evidence supports the ALJ's decision that plaintiff is not disabled.

CONCLUSION

For the reasons stated herein, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (dkt. no. 16) be denied;

2. The Commissioner's cross-motion for summary judgment (dkt. no. 19) be granted; and

3. Judgment be entered for the Commissioner.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 1, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 bohannon.ss